IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(EASTERN DIVISION)

| | |
|---|---|
| AIRCRAFT TECHNICAL PUBLISHERS, a California corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>TDATA, INC., an Ohio corporation,<br><br>        Defendant.<br><br>CONSOLIDATED WITH<br><br>TDATA, INC., an Ohio corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>AIRCRAFT TECHNICAL PUBLISHERS, a California corporation,<br><br>        Defendant. | Case No. C2-03-264<br>[Pending Consolidation with Case No. C2-04-1072]<br><br>Judge Gregory L. Frost<br><br>Magistrate Judge Terence P. Kemp<br><br>**PLAINTIFF ATP'S FIRST AMENDED COMPLAINT AGAINST DEFENDANT TDATA, INC. IN THE CONSOLIDATED ACTIONS** |

Plaintiff AIRCRAFT TECHNICAL PUBLISHERS (hereinafter "<u>ATP</u>" or "<u>Plaintiff</u>") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for: (a) patent infringement arising out of U.S. Letters Patent No. 5,778,381 issued to ATP on July 7, 1998 (hereinafter the "<u>'381 Patent</u>"); U.S. Letters Patent No.

**Complaint for Patent/TM Infringement**          1

5,987,474 issued to ATP on November 16, 1999 (hereinafter the "<u>474 Patent</u>"); U.S. Letters Patent No. 6,292,806 issued to ATP on September 18, 2001 (hereinafter the "<u>806 Patent</u>") (the '381 Patent, '474 Patent, and '806 Patent hereinafter collectively referred to as the "<u>ATP Patents</u>"); (b) trademark infringement, arising out of infringement of U.S. Registration Nos. 1,617,116, (for the text mark "ATP®") issued to ATP on October 9, 1990, and properly renewed, 1,855,117 (for the text mark "ATP Navigator®"), issued to ATP on September 30, 1994, and 2,298,462 (for the text mark "ATP Maintenance Director®"), issued to ATP on December 7, 1999 (hereinafter the "<u>ATP Trademarks</u>"); and (c) pendant claims of unfair competition. This action is brought to remedy the deliberate and willful infringement of the ATP Patents and ATP Trademarks by Defendant Tdata, Inc. (hereinafter "<u>Tdata</u>" or "<u>Defendant</u>"), including but not limited to Tdata's direct and contributory patent infringement, Tdata's inducing of others to infringe ATP's patented technology, and Tdata's deliberate and willful creation of initial interest confusion among consumers. This action seeks, preliminary and permanent injunctive relief, compensatory and exemplary damages, attorneys' fees, and costs.

## THE PARTIES

2. Plaintiff ATP is a California corporation with its principal offices in Brisbane, California. ATP develops and markets computer-based systems and publishes data used in managing the maintenance and repair of aircraft. ATP is the owner of all right, title, and interest in the ATP Patents, which are each entitled "COMPUTER AIDED MAINTENANCE AND REPAIR INFORMATION SYSTEM FOR EQUIPMENT SUBJECT TO REGULATORY COMPLIANCE," as well as in the ATP Trademarks.

3. Defendant Tdata is or purports to be an Ohio corporation with its principal offices in Powell, Ohio. ATP is informed and believes, and on that basis alleges, that Tdata has offered, and continues to offer, for sale products, including a product entitled "IApproach," that infringe the ATP Patents, and that Tdata has infringed and continues to infringe the ATP Trademarks and to unfairly compete within this District.

## JURISDICTION AND VENUE

4. This action arises under the patent and trademark laws of the United States, 35 U.S.C. §§ 101 *et seq.* and 15 U.S.C. §§ 1051 *et seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as 15 U.S.C. §1121. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) - (c) and 1400(b) in that Defendant has used, sold, offered for sale, distributed, or otherwise commercially exploited in this District products that infringe upon the ATP Patents, has improperly used ATP's Trademarks as "metatags" on Defendant's website and has improperly designated such ATP Trademarks as to create confusion both as to their registered status and as to the owner of such marks or goods associated with such marks in this District. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over ATP's unfair competition claim.

## BACKGROUND FACTS

5. True and correct copies of the first page of each of the ATP Patents are attached hereto for identification purposes as Exhibits 1-3, and incorporated herein by this reference.

6. True and correct copies of the registration certificates for the ATP Trademarks are attached hereto as Exhibits 4-6, and incorporated herein by this reference.

7. By a letter dated August 29, 2002, Tdata was given actual notice of the ATP Patents. Tdata is believed to have incorporated ATP's patented technology in a product produced and marketed by Tdata known as "IApproach" without authorization from ATP.

8. ATP is informed and believes, and on that basis alleges, that Tdata has disregarded all notices regarding the ATP Patents, and that Tdata has continued willfully to use, manufacture, sell, or offer to sell products that infringe the ATP Patents, or to contribute to and/or induce others to infringe the ATP Patents.

9. ATP is informed and believes, and on that basis alleges, that Tdata has willfully, directly, and contributorily infringed the ATP Patents and has induced others to infringe said Patents through Tdata's manufacturing, use, advertising, sales, and marketing efforts.

10. ATP is informed and believes, and on that basis alleges, that Tdata has willfully, directly, and contributorily infringed the ATP Trademarks through Tdata's use of ATP marks as metatags on one or more Tdata websites, by using the ATP Trademarks without proper trademark registration designation, and by continuing to use said marks on one or more of its websites without any notification that such ATP Trademarks are owned by ATP, thus creating confusion regarding ownership of said marks and good will associated with such marks.

11. Based on the improper uses of the ATP Trademarks as described above, customers and potential customers of ATP are diverted to one or more Tdata websites, thereby unfairly competing with ATP by causing initial interest confusion among ATP's customers and potential customers, and are or were likely to be further confused as to the ownership of the ATP Trademarks due to Tdata's having failed to properly designate the marks as registered, and due to

its continuing use of the ATP Trademarks without any reference to such marks being owned by ATP.

## FIRST CLAIM FOR RELIEF
### (Willful Patent Infringement)

12. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

13. Plaintiff ATP's '381 Patent was duly and legally issued on July 7, 1998. Plaintiff ATP's '474 Patent was duly and legally issued on November 16, 1999. Plaintiff ATP's '806 Patent was duly and legally issued on September 18, 2001. Plaintiff is the owner of all right, title and interest in the ATP Patents, together with all rights to sue and recover damages for all accrued and other patent infringements, whether past, present, or future.

14. ATP is informed and believes, and on that basis alleges, that Tdata is now infringing, contributorily infringing, or actively inducing infringement by others of at least one claim of the ATP Patents by making, using, offering to sell, importing into, or selling within this District and elsewhere in the United States, without license or authority from Plaintiff, certain products or technologies that infringe the ATP Patents, including but not limited to the "IApproach" product.

15. ATP is informed and believes, and on that basis alleges, that by reason of the above acts, Defendant has caused, is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the value of the ATP Patents, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages. Plaintiff has no adequate remedy at law and is entitled to

injunctive relief enjoining and restraining Defendant, its officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendant's distributors, resellers, and customers, from further manufacture, sales, offers for sale, other distribution, or use of any infringing product.

16. As a direct and proximate result of Defendant's infringement of the ATP Patents, Plaintiff has been, and continues to be, severely damaged in an amount yet to be determined, but to be proven at trial.

17. ATP is informed and believes, and on that basis alleges, that Defendant's acts of patent infringement as set forth herein are and continue to be willful, malicious, wanton, and intentional, and Plaintiff is entitled to its damages to be trebled pursuant to 35 U.S.C. § 284.

18. This is an exceptional case pursuant to 35 U.S.C. § 285, such that Defendant is liable to Plaintiff for Plaintiff's attorneys' fees and costs in prosecuting this action.

## SECOND CLAIM FOR RELIEF
### (Patent Infringement)

19. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 11, above, as if set forth in full herein.

20. Plaintiff ATP's '381 Patent was duly and legally issued on July 7, 1998. Plaintiff ATP's '474 Patent was duly and legally issued on November 16, 1999. Plaintiff ATP's '806 Patent was duly and legally issued on September 18, 2001. Plaintiff is the owner of all right, title, and interest in the ATP Patents, together with all rights to sue and recover damages for all accrued and other patent infringements, whether past, present, or future.

21. ATP is informed and believes, and on that basis alleges, that Tdata is now infringing, contributorily infringing, or actively inducing infringement by others of at least one claim of each of the ATP Patents by making, using, offering to sell, importing into, or selling within this District and elsewhere in the United States, without license or authority from Plaintiff, certain products or technologies that infringe the ATP Patents, including but not limited to the "IApproach" product.

22. ATP is informed and believes, and on that basis alleges, that by reason of the above acts, Defendant has caused, is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the value of the ATP Patents, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining and restraining Defendant, its officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendant's distributors, resellers, and customers, from further manufacture, sales, offers for sale, other distribution, or use of any infringing product.

23. As a direct and proximate result of Defendant's infringement of the ATP Patents, Plaintiff has been, and continues to be, severely damaged in an amount yet to be determined, but to be proven at trial.

24. This is an exceptional case pursuant to 35 U.S.C. § 285, such that Defendant is liable to Plaintiff for its attorneys' fees and costs in prosecuting this action.

## THIRD CLAIM FOR RELIEF
(Federal Trademark Infringement)

25. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 4, 6, and 10-11, above, as if set forth in full herein.

26. Plaintiff has adopted and has used one or more of the ATP Trademarks in interstate commerce for its goods and services since 1973, and is currently using all of the ATP Trademarks in interstate commerce. The validity of the ATP and ATP Navigator registered marks, of the registration of the marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive right to use said registered marks in commerce are incontestable under 15 U.S.C. § 1065 and § 1115(b), as Plaintiff has filed the required affidavits with the Commissioner of Patents and Trademarks.

27. Plaintiff has continuously used the ATP Trademarks to identify its goods and services, and to distinguish them from those made by others, by, among other things, prominently displaying the ATP Trademarks on its products, advertising brochures, mailings, and manuals distributed throughout the United States and the world. Since the respective registration dates for the ATP Trademarks, Plaintiff has given constructive notice that the ATP Trademarks are registered in the U.S. Patent and Trademark Office by displaying with the marks as used the letter R enclosed within a circle.

28. ATP is informed and believes, and on that basis alleges, that Tdata has infringed the ATP Trademarks in interstate commerce within the meaning of the Lanham Act by: (a) using the ATP Trademarks as "metatags" in the code for one or more of its websites in order to create initial interest confusion among customers and potential customers; (b) using the ATP

Trademarks on one or more Tdata websites without providing proper registration designation for such Trademarks; and (c) using the ATP Trademarks on one or more Tdata websites without providing notice of ownership of such marks by ATP, thus creating confusion as to such ownership and the source of goods designated by such Trademarks. Such uses of the ATP Trademarks by Tdata are without permission or authority of Plaintiff and said uses by Tdata is likely to cause confusion, to cause mistake, and to deceive the public.

29. Tdata's heretofore alleged unauthorized use of the ATP Trademarks has been committed willfully and maliciously, and with the intent to cause confusion, mistake, and to deceive, such that ATP is entitled to exemplary damages sufficient to deter such conduct by Tdata in the future.

30. ATP is informed and believes, and on that basis alleges, that by reason of the above acts, Defendant has caused, is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the value of the ATP Trademarks, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining and restraining Defendant, its officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendant's distributors, resellers, and customers, from further use of ATP's Trademarks.

31. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been, and continues to be, severely damaged in an amount yet to be determined, but to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Unfair Competition)

32. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 4, 6, and 10-11 above, as if set forth in full herein.

33. ATP is informed and believes, and on that basis alleges, that Tdata has used the ATP Trademarks and ATP trade name in interstate commerce by using them in metatags for one or more Tdata websites, by failing to provide proper registration designation, and by failing to identify ATP as the owner of such Trademarks in order to divert customers and potential customers to Tdata. Such use of the ATP Trademarks and trade name by Tdata is without permission or authority of Plaintiff and said use by Tdata is likely to cause confusion, to cause mistake, and to deceive and to unfairly compete with ATP.

34. Tdata's heretofore alleged acts of unfair competition have been committed willfully and maliciously, and with the intent to cause confusion, mistake, and to deceive the public and to injure Plaintiff, such that ATP is entitled to exemplary damages sufficient to deter such conduct by Tdata in the future.

35. Said acts of Tdata constitute unfair competition by resulting in initial interest and other confusion whereby customers and potential customers of ATP are improperly diverted to a Tdata website and, once there, are likely to be confused as to the ownership of the ATP Trademarks, or the source of the goods emanating from such Trademarks. On information and

belief, upon being diverted to a Tdata website, the customers and potential customers find an offering of goods and services similar enough to ATP's such that a sizable number who were originally looking for ATP products and services will simply decide to purchase Tdata's offerings instead, or will be confused as to the ownership of the ATP Trademarks, or as to Tdata's right and authority to sell products bearing or associated with such Trademarks.

36. ATP is informed and believes, and on that basis alleges, that by reason of the above acts, Defendant has caused, is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining and restraining Defendant, its officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendant's distributors, resellers, and customers, from further use of ATP's company name and the ATP Trademarks on or in the code for one or more of Tdata's websites.

37. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been, and continues to be, severely damaged in an amount yet to be determined, but to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. On the First and Second Claims for Relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for preliminary and permanent injunctive relief enjoining Defendant, its officers,

agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendant's distributors, resellers, and customers, from further manufacture, sales, offers for sale, other distribution, or use of any infringing products;

2. On the Second and Third Claims for Relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, from using the ATP Trademarks as metatags or in any manner that creates confusion among the public as to the ownership of the Trademarks or of the source of goods designated by such Trademarks, including but not limited to failing to include proper notice to the public of ATP's ownership of the Trademarks.

3. On the First Claim for Relief, for compensatory damages in an amount to be proven at trial, and for such damages to be trebled and for attorneys' fees and costs;

4. On the Second Claim for Relief, for compensatory damages in an amount to be proven at trial and for attorneys' fees and costs;

5. On the Third and Fourth Claims for Relief, for compensatory damages in an amount to be proven at trial and for punitive damages in an amount sufficient to deter Tdata's conduct in the future;

6. For pre-judgment interest at the rate as allowed by law;

7. For Plaintiff's attorneys' fees and costs as allowed by law; and,

8. For such other and further relief as the Court deems just and proper.

//

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Pursuant to F.R.C.P. Rule 38, Plaintiff hereby demands trial by jury of all issues triable by jury.

Respectfully submitted,

Dated: December 7, 2004

    /s/ Tim C. Hale
Jack Russo (California SBN 96068)
Tim Hale (California SBN 114905)
William C. Milks, III (California SBN 114083)
Russo & Hale LLP
401 Florence St.
Palo Alto, CA 94301
Tel.:   (650) 327-9800
Fax:   (650)-327-3737
www.computerlaw.com

Attorneys for Defendant-Counterclaimant
AIRCRAFT TECHNICAL PUBLISHERS

LOCAL COUNSEL
Jerry A. Eichenberger (0010855)
Eichenberger & Associates
6099 Frantz Road
Dublin, Ohio 43017
Tel.: (614) 798-1600
Fax: (614) 798-1620
jeichenberger@ehlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: D. Wesley Newhouse, II and William H. Prophater, Jr.

                                                /s/ Tim C. Hale
Jack Russo (California SBN 96068)
Tim Hale (California SBN 114905)
William C. Milks, III (California SBN 114083)
Russo & Hale LLP
401 Florence St.
Palo Alto, CA 94301
Tel.:   (650) 327-9800
Fax:   (650)-327-3737
www.computerlaw.com

Attorneys for Plaintiff
AIRCRAFT TECHNICAL PUBLISHERS