**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TDATA, INC., | : | |
| Plaintiff, | : | CASE NO. 2:04-cv-1072 |
| v. | : | Consolidated With |
| AIRCRAFT TECHNICAL PUBLISHERS, | : | CASE NO. 2:03-cv-00264 |
| Defendant. | : | Judge Gregory L. Frost |
| - and - | : | Magistrate Judge Terence P. Kemp |
| AIRCRAFT TECHNICAL PUBLISHERS, | : | |
| Plaintiff, | : | |
| v. | : | |
| TDATA, INC., | : | |
| Defendant. | : | |

# TDATA'S ANSWER TO ATP'S FIRST AMENDED COMPLAINT
## WITH JURY DEMAND ENDORSED HEREIN IN THE CONSOLIDATED CASE AND COUNTERCLAIM

Defendant, Tdata, Inc., by and through its undersigned counsel, for its Answer to the First Amended Complaint of plaintiff, Aircraft Technical Publishers, (hereinafter "ATP" or "plaintiff") alleges as follows:

1. In answer to paragraph 1 of the First Amended Complaint, defendant admits it contains allegations of patent infringement, trademark infringement, and unfair competition but denies any of the allegations of wrongdoing and further denies that plaintiff is entitled to any type of relief.

2. On information and belief, defendant admits that ATP is a California Corporation with its principle offices located in Brisbane, California. Defendant further admits on information and belief that ATP markets products used in managing the maintenance and repair of aircraft but denies any other allegations contained in this paragraph.

3. Defendant admits that it is an Ohio corporation with its principal offices located in Powell, Ohio. Defendant further admits that it produces and sells a product entitled "IApproach" but denies any other allegations contained in this paragraph.

4. Defendant admits that the First Amended Complaint makes allegations under the patent and trademark laws of the United States, that the court has jurisdiction over the subject matter of this action, and that venue is proper in this district but denies all other allegations contained in this paragraph.

5. In answer to paragraphs 5 and 6 of the First Amended Complaint, defendant admits that exhibits are attached to the First Amended Complaint but denies any other allegations contained in these paragraphs.

6. In answer to paragraph 7 of plaintiff's First Amended Complaint, defendant admits its officers received a letter from plaintiff dated August 29, 2002, but denies any other allegations contained in this paragraph.

7. Defendant denies the allegations contained in paragraphs 8 through 11 of the First Amended Complaint.

8. Defendant realleges paragraphs 1 through 7 of this Answer in answer to paragraph 12 of the First Amended Complaint.

9. Defendant denies the allegations contained in paragraphs 13 through 18 of the First Amended Complaint.

10. Defendant realleges paragraphs 1 through 9 in answer to paragraph 19 of the First Amended Complaint.

11. Defendant denies the allegations contained in paragraphs 20 through 24 of the First Amended Complaint.

12. Defendant realleges paragraphs 1 through 11 of this Answer in answer to paragraph 25 of the First Amended Complaint.

13. In answer to paragraphs 26 and 27 of the First Amended Complaint, defendant admits ATP may use trademarks but denies any other allegations contained in these paragraphs.

14. Defendant denies the allegations contained in paragraphs 28 through 31 of the First Amended Complaint.

15. Defendant realleges paragraphs 1 through 14 of this Answer in answer to paragraph 32 of the First Amended Complaint.

16. Defendant denies the allegations contained in paragraphs 33 through 37 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

As a further reply and as affirmative defenses, defendant alleges the following:

## FIRST AFFIRMATIVE DEFENSE

17. The First Amended Complaint, and each and every allegation contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

18. As a separate and affirmative defense to each and every claim set forth in the First Amended Complaint, the First Amended Complaint and each claim contained therein is uncertain.

## THIRD AFFIRMATIVE DEFENSE

19. The patents alleged in the First Amended Complaint are invalid and unenforceable and/or not effective against this answering defendant.

**FOURTH AFFIRMATIVE DEFENSE**

20. ATP, since at least 1998, has had full knowledge of the activities of this answering defendant and has failed to assert its patents while defendant invested time and money in building its business and good will. ATP's claims of patent infringement are, therefore, barred by the *doctrine of latches.*

**FIFTH AFFIRMATIVE DEFENSE**

21. ATP has so misused the patents so as to render their enforcement inequitable.

**SIXTH AFFIRMATIVE DEFENSE**

22. Even if the accused product was found to infringe on any of the patents in suit, which supposition is not admitted, but merely stated for the purpose of this defense, ATP is not entitled to recover damages because it has failed to provide notice to the public by marking its products, as required by 35 USC §287(a).

**SEVENTH AFFIRMATIVE DEFENSE**

23. As a separate affirmative defense to each and every claim for relief set forth in the First Amended Complaint, the First Amended Complaint and each and every allegation stated therein in barred by the doctrine of *set off.*

**EIGHTH AFFIRMATIVE DEFENSE**

24. As a separate affirmative defense to each and every allegations set forth in the First Amended Complaint, the First Amended Complaint and each claim for relief stated therein is barred by the doctrine of *estoppel*

**NINTH AFFIRMATIVE DEFENSE**

25. As a separate affirmative defense to each and every allegation set forth in the First amended Complaint, the First Amended Complaint and each and every allegation stated therein is barred by the unclean hands of ATP.

**TENTH AFFIRMATIVE DEFENSE**

26. As a separate and affirmative defense to each and every allegations set forth in the First Amended Complaint, there is no need for injunctive relief as this answering defendant is not in any way infringing upon or misusing any products of ATP.

**ELEVENTH AFFIRMATIVE DEFENSE**

27. If ATP sustained any damage, which supposition is not admitted, but merely stated for the purpose of this defense, then ATP failed to minimize or mitigate its damages.

**COUNTERCLAIMS**

28. Tdata reincorporates Paragraphs 1 through 27 of its answer to ATP's First Amended Complaint as if fully set forth herein.

29. The jurisdiction of this Court arises under the Federal Declaratory Judgment Act, 28 U.S.C. Sections 2201 and 2202 and under the laws of the United States concerning actions related to patents, 28 U.S.C. Section 1338(a). The jurisdiction also arises pursuant to 15 U.S.C. Section 15 to recover damages for violations of the anti-trust laws of the United States.

**FIRST COUNTERCLAIM**

30. Venue is proper pursuant to Section 28 U.S.C. Section 1391.

31. ATP was issued as the assignee Patent No. 5,987,474 entitled "computer aided maintenance and repair information system, equipment subject to regulatory compliance" on November 16, 1999.

32. ATP was issued as the assignee Patent No. 6,292,806 entitled "computer aided maintenance and repair information system, equipment subject to regulatory compliance" on September 18, 2001.

33. ATP was issued, as the assignee, Patent No. 5,778,381 entitled "computer aided maintenance and repair information systems for equipment subject to regulatory compliance" on July 7, 1998.

34. Tdata, Inc. has made and is offering for sale software for managing aircraft maintenance and repair information for compliance with publicly available Federal Aviation Rules and Regulations including checklists and forms (hereinafter referred to as the "Accused Product").

35. Tdata, Inc. is a competitor of ATP.

36. ATP has wrongfully charged Tdata with infringement of its patents and claims thereof by reason of the offering for sale and selling the Accused Product.

37. Tdata alleges on information and belief that said patents are not infringed, are invalid and unenforceable and/or not effective against Tdata for one or more of the reasons that follow:

a. Since Tdata sells only software and not a "system" as claimed in each of ATP's asserted patent claims, it does not infringe any of such claims.

b. By reason of the proceedings in the patent office during the prosecution of the application which resulted in said patents, ATP is estopped from claiming for each of said patents a construction that would cause the claims of any of said patents to cover or include the Accused Product developed and sold by plaintiff.

c. ATP withheld from the U.S. Patent Office material printed information during its patent applications and thus breached its duty of candor and committed inequitable conduct and/or fraud on the Patent Office and the public.

d. ATP did not invent the subject matter patented, nor did it make any inventions or discoveries either novel, original or otherwise, within the meaning of the United States Code Title 35.

e. The alleged invention claimed in the patents were made by others in this country before the ATP's alleged inventions and such other persons have not abandoned, suppressed, or concealed them.

f. The patents do not particularly point out and distinctively claim the part, improvement, method, steps, or combination which ATP claims as their inventions as required by Title 35, United States Code.

g. The specifications do not contain written descriptions of the inventions in such full, clear, concise and exact terms as to enable any person skilled in the art or science to which it pertains, or with which it is most nearly connected, to practice the same, and the description does not adequately explain the principles or the best modes in which the ATP contemplated applying those principles so as to distinguish them from other inventions, as required by Title 35, United States Code.

h. The claims of each of the patents are excessively vague and indefinite and do not distinctly point out and define the invention.

i. The claims are not directed to patentable combinations, but are directed to mere aggregations or parts or steps, means, or elements which were matters of common

knowledge in the art to which said patents relate before the alleged inventions and more than one year prior to the date of the applications for the patents.

j. In light of the prior art at the time the alleged inventions were made, the subject matter as claimed in the patents would have been obvious to one skilled in the art to which the alleged inventions relate and do not constitute patentable inventions.

k. More than one year prior to the filing of the original applications which matured into the patents in suit, the alleged inventions were patented or described in printed publications in this or in foreign countries, and were in public use or on sale in this country.

l. Before the alleged inventions or discoveries by ATP, the alleged inventions were known or used by others than the alleged inventor and were on sale in this country and/or were patented or described in patented in printed publications in this or in foreign countries.

m. If there are any inventions in the subject matter of the patents in suit, which is denied, the patents nevertheless were not obtained in a manner consistent with the provisions of Title 35, United States Code.

38. ATP, since at least 1998, has had full knowledge of the activities of plaintiff and has failed to assert its patents while plaintiff invested time and money in building its business and goodwill. ATP's claims of patent infringement are barred by the applicable statute of limitations and the doctrine of laches.

39. ATP has so misused the patents in suit as to render their enforcement inequitable.

## SECOND COUNTERCLAIM

40. Tdata reincorporates Paragraphs 1 through 39 of its Answer and Counterclaim to the First Amended Complaint as if fully set forth herein.

41. The CEO of ATP, Caroline Daniels, in a telephone conference with James Thomas, President of Tdata, attempted to coerce Tdata to raise its prices to the range of ATP.

42. Upon information and belief, ATP's negotiations were with the intention of creating similar prices between Tdata's and ATP's products.

43. ATP's attempts, as a holder of an unpatented product, to coerce Tdata to raise its price to the range of ATP's are an attempt to unlawfully restrain trade in violation of Federal and State Anti-trust laws.

44. ATP's attempt to force Tdata to change its prices to the range of ATP's is an unlawful attempt at price fixing in violation of Federal and State anti-trust laws.

45. ATP's actions in attempting to enforce an invalid patent are an effort to create a monopoly in violation of anti-trust laws.

46. Tdata, by and through its President, James Thomas, refused to raise its prices to those charged by ATP.

WHEREFORE, Defendant, TDATA, INC., prays for relief against ATP as follows:

a. For a judgment and order dismissing the First Amended Complaint with prejudice;

b. For an order denying a temporary restraining order and/or preliminary and permanent injunctive relief;

c. For an order that United States Patent Nos. 5,987,474, 6,292,806, and 5,778,381 are invalid, unenforceable and not infringed by plaintiff;

d. For an order enjoining ATP, its officers, agents, servants, employees and attorneys and those in active concert or

participation with them who received actual notice thereof from publicizing their assertions of infringement and from threatening plaintiff or any of Tdata's customers, dealers, agents, servants or employees, or any prospective or present sellers, dealers or users of Tdata's Accused Product with infringement litigation or charging any of them either verbally or in writing with infringement of Patent Nos. 5,987,474, 6,292,806 and 5,778,381 because of the manufacture, use or sale or offering for sale of the Accused Product, said injunction to be made permanent following trial;

e. The Court finds that this is an exceptional case, pursuant to 35 U.S.C. Section 285, and that awards to Tdata its reasonable attorney fees, expenses and costs incurred in this action;

f. Awards compensatory and punitive damages;

g. Grants such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/William H. Prophater, Jr.
D. Wesley Newhouse, Trial Attorney (0022069)
William H. Prophater, Jr. (0062318)
LANE ALTON & HORST LLC
175 South Third Street, 7th Floor
Columbus, Ohio 43215
Tele: (614) 228-6885
Fax: (614) 228-0146
Attorneys for Plaintiff Tdata, Inc

OF COUNSEL:
James R. Eley (0046646)
patents@eleylaw.com
ELEY LAW FIRM Co.
7870 Olentangy River Road, Suite 311
Columbus, Ohio 43235
Telephone: (614) 825-3539
Facsimile: (614) 825-9590

Matthew J. Smith (0006788)
Duane R. Skavdahl (0060893)
SMITH, ROLFES & SKAVDAHL CO., L.P.A.
1014 Vine Street, Suite 2350
Cincinnati, Ohio 45202
(513) 579-0080
(513) 579-0222 (facsimile)
msmith@smithrolfes.com
dskavdahl@smithrolfes.com
Attorneys for Defendant, TDATA, INC.,

## JURY DEMAND

A trial by jury is hereby demanded.

/s/William H. Prophater, Jr.
William H. Prophater, Jr. (0062318)

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing has been served by eletronic filing this 6th day of January, 2005, upon:

William C. Milks, III
Russo & Hale LLP
401 Florence Street
Palo Alto, CA 94301

Theodore R. Remaklus
Wood, Herron & Evans
441 Vine Street, Suite 2700
Cincinnati, OH 45202

Jerry Eichenberger
Eichenberger & Associates, LPA
6099 Frantz Road
Dublin, OH 43017

/s/William H. Prophater, Jr.
William H. Prophater, Jr.

385523.1