# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TDATA INC.**

      **Plaintiff,**　　　　　　　　　　　　Case No. 2:03-cv-264
　　　　　　　　　　　　　　　　　　　　JUDGE GREGORY L. FROST
  v.　　　　　　　　　　　　　　　　　　Magistrate Judge Terence P. Kemp

**AIRCRAFT TECHNICAL PUBLISHERS,**

      **Defendant.**


**AIRCRAFT TECHNICAL PUBLISHERS,**

      **Plaintiff,**　　　　　　　　　　　　Case No. 2:04-cv-1072
　　　　　　　　　　　　　　　　　　　　JUDGE GREGORY L. FROST
  v.　　　　　　　　　　　　　　　　　　Magistrate Judge Terence P. Kemp

**TDATA INC.**

      **Defendant.**

### OPINION AND ORDER

This matter is before the Court for consideration of the March 27, 2006 motion to strike (Doc. # 222 in 2:03-cv-264; Doc. # 199 in 2:04-cv-1072) filed by Aircraft Technical Publishers and a memorandum in opposition (Doc. # 231 in 2:03-cv-264; Doc. # 207 in 2:04-cv-1072) filed by Tdata Incorporated. The Court finds the motion to strike well taken.

### I.  Background

In prior Orders, this Court has repeatedly described the nature and circumstances of this consolidated litigation. For purposes of the record, the Court shall only briefly describe here the most essential facts of this litigation.

Tdata Incorporated ("Tdata") is a company that produces and sells a software product called "Iapproach," which is a resource used for managing aircraft maintenance and repair. Aircraft Technical Publishers ("ATP") is the holder of three patents that are involved in the patent aspect of these two consolidated cases. Tdata is attacking the patents' validity and ATP is asserting infringement of the same patents.

In March 2006, Tdata filed a motion for summary judgment seeking to declare the patents unenforceable on the grounds of inequitable conduct. (Doc. # 212 in 2:03-cv-264; Doc. # 189 in 2:04-cv-1072.) Work on this motion and the *Markman* decision has been delayed by ATP's subsequent filing of the motion to strike portions of the summary judgment motion and its supporting memorandum. (Doc. # 222 in 2:03-cv-264; Doc. # 199 in 2:04-cv-1072.)

## II. Discussion

ATP seeks to strike portions of Tdata's pending summary judgment motion (Doc. # 212 in 2:03-cv-264; Doc. # 189 in 2:04-cv-1072) that reference allegedly non-disclosed prior art that is attached to the motion. ATP contends that prior discovery orders encompassed the disclosure of this art, but that Tdata never disclosed the art in any of its discovery responses despite both a rule-derived duty to do so and an order by the Magistrate Judge. ATP additionally asserts that it has repeatedly sought from Tdata all material that would support a contention that the patents involved in this litigation are unenforceable.

These allegations are serious because, as the Sixth Circuit has recognized, "[o]ur system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively wins the case." *Abrahamsen v. Trans-State Exp., Inc.*, 92 F.3d 425, 428-29 (6th

Cir. 1996). The potential prejudice resulting from gamesmanship is notable here because the prior art in question serves as the basis for Tdata's March 3, 2006 motion for summary judgment, which asserts that three ATP patents are unenforceable because Tdata engaged in inequitable conduct before the United States Patent and Trademark Office in obtaining U.S. Patent No. 5,778,381, No. 5,987,474, and No. 6,292,806. (Doc. # 212 in 2:03-cv-264; Doc. # 189 in 2:04-cv-1072.) The crux of Tdata's motion for summary judgment is that ATP never disclosed prior art from the European patent prosecution to the United States Patent and Trademark Office.

Tdata admits that it has never disclosed the prior art in discovery. To excuse this non-disclosure, the company directs this Court to ATP counsel William Milks' September 13, 2005 deposition testimony that ATP had the prosecution history of European Patent No. EP0573171, which means that ATP had the prior art. In fact, Tdata asserts, ATP has had the prior art since 1994.

ATP's first ground for striking the prior art is that Tdata violated its automatic duty to amend a prior response. This implicates Federal Rule of Civil Procedure 26(e)(2), which provides:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2). ATP posits that Tdata has violated the foregoing rule, while Tdata contends that the prior art was otherwise known to ATP because it is part of ATP's own

3

European Prosecution History. There is some factual support for this latter contention. Although lacking specificity, Milks testified generally that he was involved in the European patent prosecution on behalf of ATP, that he corresponded with the overseas law firm prosecuting that patent, and that he provided copies of the European patent prosecution filings to the ATP.

There is also some support for Tdata's proposition that there is no discovery obligation to produce documents in the public record that are equally available to both parties. A number of courts have indeed recognized the rule that Tdata promotes. *See, e.g., Raytheon Aircraft Corp. v. United States*, No. 05-2328-JWL-DJW, 2006 WL 2570545, at *7 (D. Kan. Sep. 5, 2006); *Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.*, 425 F. Supp. 2d 352, 374-75 (W.D.N.Y. 2006); *Dushkin Pub. Group, Inc. v. Kinko's Service Corp.*, 136 F.R.D. 334 (D.D.C. 1991). The Sixth Circuit, however, has stated that "[t]he rules of discovery . . . do not permit parties to withhold material simply because the opponent could discover it on his or her own." *Abrahamsen*, 92 F.3d at 428. This general statement, made in the context of a situation in which counsel had failed to disclose a statement made to a witness because the witness' name was available in a police report, is not analogous to the facts here and does not necessarily refute Tdata's more specific (but non-binding) case law.

The Court also notes that there is an argument that even if Tdata had technically violated Rule 26(e)(2) by not producing that which ATP already had, such violation is harmless and does not warrant automatic sanctions under Rule 37(c)(1) as ATP asserts. *See* Fed. R. Civ. P. 37(c)(1) (excusing the mandated imposition of sanctions where "such [discovery] failure is harmless"). ATP *might* have had the material in question, did not respond to Tdata's offer to provide access

to any material ATP did not have, and was put on notice (albeit untimely) of Tdata's possible reliance on the prior art.  Undercutting this argument is the fact that there is at best a broad inference that ATP possessed the material in question; the Milks deposition is far too general to be regarded as conclusive on this issue.

But this Court need not ultimately decide whether Rule 37(c)(1) automatic sanctions are warranted under the foregoing arguments.  This is because ATP also moves to strike the prior art as a discretionary sanction pursuant to Rule 37(b)(2) on the grounds that Tdata has failed to obey a specific discovery order.  That rule provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, . . . The court in which the action is pending may make such orders in regard to the failure as are just."  Fed. R. Civ. P. 37(b)(2).

ATP's alternate argument is that it had previously filed a motion to compel that the Magistrate Judge granted.  That ordered disclosure included prior art relating to the patents involved in this litigation.  Citing the Milks deposition transcript, ATP posits that Tdata's questioning of Milks reveals that Tdata was aware of the prior art at least as of September 13, 2005.  But Tdata never disclosed this prior art.

The Court finds ATP's argument persuasive.  Review of the docket reveals that ATP filed a September 9, 2005 motion to compel that cited prior interrogatories and document requests and specifically sought the compelled production of, among other things, any prior art that Tdata alleged ATP had withheld from the United States Patent and Trademark Office.[1]

---

[1] As ATP's supporting exhibits disclose, Tdata had withheld this discovery, repeatedly citing in part a claim of privilege and that the ATP's discovery request was premature, unduly burdensome, overly broad, and unclear.  (Doc. # 223, Ex. 3-8 in 2:03-cv-264; Doc. # 200, Ex. 3-

(Doc. # 145, at 6-7 in 2:03-cv-264; Doc. # 123, at 6-7 in 2:04-cv-1072.)  Tdata responded in a September 26, 2005 memorandum in opposition that stated it had "recently discovered" the European prior art and that "Tdata cannot foreclose the possibility of additional prior art being produced to ATP."  (Doc. # 153, at 4 in 2:03-cv-264; Doc. # 131, at 4 in 2:04-cv-1072.)  In a lengthy October 20, 2005 Opinion and Order, the Magistrate Judge recognized that Tdata had failed to produce "prior art relating to the patents-in-suit." (Doc. # 163, at 2 in 2:03-cv-264; Doc. # 141, at 2 in 2:04-cv-1072 )  The Magistrate Judge granted the compelled production of withheld documents generally and discussed specifically only those items requiring detailed explanation (e.g., production of the Thomas telephone conversation transcript, the potentially redundant Quickbooks information).  The Magistrate Judge also clearly contemplated in his order that Tdata would produce additional documents.  (Doc. # 163, at 19 in 2:03-cv-264; Doc. # 141, at 19 in 2:04-cv-1072.)

Tdata subsequently filed an objection to the Magistrate Judge's decision that targeted the issue of modification of the protective order.  (Doc. # 164 in 2:03-cv-264; Doc. # 142 in 2:04-cv-1072.)  Notably, however, that objection provided that "Tdata does not object to and will comply [with] the Court's Order with regard to the granting of the Motion to Compel and production of certain documents by October 21, 2005."  (Doc. # 164, at 1 in 2:03-cv-264; Doc. # 142, at 1 in 2:04-cv-1072.)  In an October 27, 2005 Opinion and Order, the Court subsequently reminded the parties of the adjusted discovery deadline and warned them that failure to adhere to the discovery deadline "shall result in the probable imposition of sanctions." (Doc. # 166, at 4 in 2:03-cv-264; Doc. # 144, at 4 in 2:04-cv-1072.)

---

8 in 2:04-cv-1072.)

Given the foregoing, the Court must conclude that Tdata violated the Magistrate Judge's ordered disclosure of any and all prior art upon which the company sought to rely. Regardless of whether there was an initial, independent mandate under Rule 26 to produce such discovery and regardless of whether Tdata violated a Rule 26(e)(2) duty that arose separate from the Magistrate Judge's directions, *Tdata still violated a judicial order that it produce the prior art*. By its own admission, Tdata had *obtained* the prior art "shortly after October 7, 2005." (Doc. # 231, at 3 in 2:03-cv-264; Doc. # 207, at 3 in 2:04-cv-1072 (citing Losey Decl. ¶¶ 2-4 & 8).) This predated the Magistrate Judge's October 20, 2005 Opinion and Order, which means that Tdata had the prior art at least by the time it was ordered to turn any such prior art over to ATP. It does not matter whether Tdata had to produce the prior art under an independent Civil Rules-based duty prior to the Magistrate Judge's order. It does not matter whether ATP already possessed the prior art because such redundancy does not serve to vitiate a court order. And it does not matter whether equal accessibility to public records would excuse a duty based only the Civil Rules. What matters is that the Magistrate Judge made an order compelling production, that this order stood (and Tdata in fact explicitly left it unchallenged), and that Tdata had the ability to comply with the order but willfully failed to comply even in the face of threatened sanctions.

### III. Conclusion

Having considered the specific circumstances set forth above, the history of this litigation, and the equities involved, the Court therefore **ORDERS**:

(1) The record shall reflect that Tdata has violated a discovery order of the Magistrate Judge despite a self-professed ability to comply and the direct threat of sanctions.

(2) The Court **GRANTS** ATP's motion to strike. (Doc. # 222 in 2:03-cv-264; Doc. # 199

in 2:04-cv-1072.)

(3) As a sanction under the inherent power of this Court and under Rule 37(b)(2), the Court **STRIKES** all portions of Tdata's March 3, 2006 motion for summary judgment that reference the non-disclosed prior art. (Doc. # 212 in 2:03-cv-264; Doc. # 189 in 2:04-cv-1072.)

(4) As part of the sanction imposed under the inherent power of this Court and under Rule 37(b)(2), Tdata cannot rely in this litigation on the undisclosed European prior art. The Court recognizes the notable consequences of this sanction, but concludes that it is both warranted and a less severe sanction than default judgment or dismissing a portion of this litigation.

(5) Tdata shall also pay ATP's reasonable expenses, including attorney's fees, caused by Tdata's failure to disclose the prior art. ATP's reasonable expenses in bringing the motion to strike and in responding to the motion for summary judgment constitute this sanction. No set of circumstances before the Court make Tdata's conduct substantially justified or this award of expenses unjust. If the parties cannot agree on a reasonable sanction amount, ATP should submit a properly supported fee application.

The Court shall proceed to address the remainder of Tdata's summary judgment motion and, if necessary after disposition of that motion, ATP's remaining motion to strike (Doc. # 216 in 2:03-cv-264; Doc. # 193 in 2:04-cv-1072) and the *Markman* hearing decision.

**IT IS SO ORDERED.**

    s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE