UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TDATA INC.

        Plaintiff,                              Case No. 2:03-cv-264
                                                      JUDGE GREGORY L. FROST
    v.                                        Magistrate Judge Terence P. Kemp

AIRCRAFT TECHNICAL PUBLISHERS,

        Defendant.


AIRCRAFT TECHNICAL PUBLISHERS,

        Plaintiff,                              Case No. 2:04-cv-1072
                                                        JUDGE GREGORY L. FROST
    v.                                        Magistrate Judge Terence P. Kemp

TDATA INC.

        Defendant.

## ORDER

This matter is before the Court for consideration of a motion to stay this litigation pending reexamination (Doc. # 274) filed by Tdata Incorporated ("Tdata"), a memorandum in opposition (Doc. # 276) filed by Aircraft Technical Publishers ("ATP"), and a reply memorandum (Doc. # 278) filed by Tdata.[1]  For the reasons that follow, the motion is well taken.

---

[1] For ease of reference, the Court shall refer to the filings here only by their docket number in case No. 2:03-cv-264.  The Clerk shall of course indicate the disposition of Tdata's motion on the docket of case No. 2:04-cv-1072.

1

## I. Flawed Filing

As a threshold matter, the Court notes that Tdata initially filed the motion for a stay only in case No. 2:04-cv-1072 and that it was only through the Court ordering the Clerk to file the motion in the consolidated companion case that the error was corrected. This raises the issue of counsel's failure to follow the orders and practices of this Court.

Despite past admonitions by this Court that all filings should be filed on the docket in *both* consolidated cases, the parties have periodically violated this directive. A brief review of the docket reveals that case No. 2:03-cv-264 and case No. 2:04-cv-1072 were consolidated on December 10, 2004. (Doc. # 62.) Thereafter, in an April 28, 2005 Opinion and Order, the Court stated:

> For no apparent reason, many of the filings in case No. 2:03-cv-264 do not appear on the docket of case No. 2:04-cv-1072. Given this error and for ease of reference, the Court shall refer to the filings here only by their docket number in case No. 2:03-cv-264. Future filings should be entered on the docket in *both* consolidated cases.

(Doc. # 88, at 1 n.1.)

Despite this directive, Tdata recently misfiled its motion for a stay (Doc. # 274) in *only* case No. 2:04-cv-1072, and ATP even more recently misfiled its December 21, 2007 motions for summary judgment and a supporting affidavit in *only* case No. 2:03-cv-264. (Docs. # 281, 281, 283.) In response to this last error, the Court directed its courtroom deputy to contact ATP's counsel so that counsel could correct the filing lapse by filing the documents in case No. 2:04-cv-1072. The courtroom deputy did so on December 24, 2007, and ATP's counsel responded via e-mail on December 26, 2007, stating that "[w]hen my paralegal on this matter returns Jan. 2, we will do so immediately." Counsel's paralegal subsequently corrected the filing error.

The parties' haphazard filing practices both create confusion on the docket and violate the filing procedures ordered by the Court.  This Court is partially reluctant to call to counsel's attention such filing issues once again for two reasons.  First, the Court would rather spend its time addressing the merits of the issues involved in this litigation instead of policing the docket.  Second, it is no doubt embarrassing for counsel (and for this Court) for the Court to have to remind counsel for either party of their professional obligations.  It does not matter whether it is counsel's fault directly in this instance (or in every instance of flawed filing in this litigation), or whether counsel simply failed to supervise or instruct adequately the staff.  What matters is that, absent correction, the docket is going to be a mess if this action progresses to appeal and that there has been continued noncompliance even in light of this Court's prior calls for careful filing.

The parties' noncompliance results in the following order: **Absent extraordinary circumstances, the Court will likely strike from the docket any document that is not filed in both cases on the same date.**  It is time to follow the simple procedures of this Court.

This does not mean that the Court will once again issue a friendly reminder to counsel for either party before acting; the parties and their counsel have long been on notice.  Rather, this means that notice of the filing obligation having been repeatedly provided–and notice of the sanction having now been made explicit–the Court will not hesitate to enforce its orders as indicated, without regard for staff or counsel vacations, or whatever other excuse is proffered. Working on the substance of the filings should be the more difficult part of litigating this action; simply filing documents with the Court should not continue to prove an insurmountable task defeating counsel time after time.

## II.  Motion for a Stay

As noted in prior orders, ATP is the holder of three patents that are involved in these two consolidated cases: U.S Patent No. 5,778,381 ("the '381 patent"), U.S. Patent No. 5,987,474 ("the '474 patent"), and U.S. Patent No. 6,292,806 ("the '806 patent").  The Court previously issued a May 31, 2007 *Markman* decision construing various claims of these patents (Doc. # 271), and the case has since proceeded in accordance with the case schedule order as revised on June 22, 2007 (Doc. # 272).  Tdata now asks this Court to stay the consolidated captioned cases because the company filed two *ex parte* reexamination requests with the United States Patent and Trademark Office in August 2007, and one corrected *ex parte* reexamination request in September 2007.  After Tdata filed its motion, the patent office granted all three reexamination requests.

Another judicial officer in this state has explained the inquiry involved in addressing whether to grant a stay request:

> In determining whether to stay litigation pending PTO reexamination, courts generally weigh three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999) (citations omitted).  For instance, a stay is justified when the "outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue."  *Slip Track Systems, Inc. v. Brady*, 159 F.3d 1337, 1341 (Fed. Cir.1998).  On the other hand, a stay may not be justified when a case is nearing trial, the non-moving party already has invested heavily in the litigation, and the stay sought exceeds two years.  *Xerox*, 69 F.Supp.2d at 407.

*Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06CV02981, 2007 WL 2670039, at *1 (N.D. Ohio Sept. 7, 2007).

Tdata posits that the reexaminations will lead to a patent office determination that ATP's three patents are invalid. Tdata argues that this Court's *Markman* constructions and the United States Supreme Court's decision in *KSR v. Teleflex*, 127 S. Ct. 1727 (2007), will inform the patent office proceedings. The company also asserts that it has discovered new prior art that creates a substantial question of patentability.

ATP opposes a stay. The company correctly notes that this litigation has been pending since 2003 (with the second case filed in 2004), that the action has progressed through a *Markman* hearing and decision, and that at the time of Tdata's request for a stay discovery was nearly complete and final summary judgment motions were nearly due. Since this briefing, discovery (except for damages discovery) has closed and the summary judgment deadline has passed; the parties are now involved in briefing the summary judgment motions. Additionally, ATP notes that a trial date exists.

During the course of this extended litigation, Tdata has continued to sell its allegedly infringing product. ATP argues that a stay would enable Tdata to continue selling the product for the period of the reexaminations, which is perhaps years. ATP also attacks Tdata's contention that the reexamination would involve new prior art, asserting that no such art is involved in the reexamination requests. Thus, writing before the patent office granted reexamination, ATP concludes that a stay is not warranted and that "[a]t a minimum, the Court should deny the stay pending the initial determination by the [patent office] as to whether it will even take up the reexamination request, without prejudice to Tdata's renewing its Motion should the [patent office] make that decision." (Doc. # 276, at 4.)

This Court is generally reluctant to grant a stay. The instant litigation is one of the oldest

5

pending actions on the Court's docket. This fact alone is hardly dispositive of the request for a stay. But this litigation has also continually been marred by delay, much of it often less than necessary. Moreover, Tdata has offered little persuasive cause for why it has waited so long to seek reexamination, and why it has waited so long to seek a stay after first filing its initial reexamination requests. Although the fact that Tdata obtained new counsel partially mitigates this lateness, the timing of its stay request still raises the possibility of a tactical maneuver, perhaps related to the referral to Court-ordered mediation that preceded the motion by only a few weeks.

The Court is cognizant, however, that reexamination could indeed simplify the issues and streamline the remaining dispositive motions and a trial. Although ATP disputes the bases behind Tdata's reexamination requests, there is insufficient evidence before this Court to support a conclusion that such reexaminations will prove as useless as ATP contends. Other factors essentially balance one another; for example, a stay might prejudice ATP, but the lack of a stay and proceeding on invalid patents would prejudice Tdata. And both sides have no doubt expended considerable sums in litigating this action. Thus, the Court is left with a possibility of simplification of the patent aspects of this case weighing against the possibility that Tdata is engaging in delaying tactics.

Tdata's motion presents an exceptionally close call, one greater than the Court has faced in other patent cases in which a stay pending reexamination was at issue. But Tdata's reexamination statistics and this Court's own experience indicate a notable possibility–arguably even a probability–that at least some of the claims involved in this litigation will either be changed or cancelled. In light of this and given the foregoing considerations, the Court

concludes that a stay is warranted. Although a stay delays any potential patent-related recovery by ATP, it neither prevents eventual recovery nor precludes the company from asserting its interests against other accused infringers in unrelated litigation. The Court therefore **GRANTS** Tdata's request for a stay.

The Court declines, however, to "issue an Order staying *all* litigation in this case" as Tdata requests in its motion. (Doc. # 274, at 1 (emphasis added).) This is because the Court also recognizes that ATP's interest in obtaining a judgment on the non-patent aspects of this litigation trumps any interest in judicial economy that staying the entire litigation would serve. ATP previously obtained summary judgment regarding the issue of liability on its trademark claims and has waited for trial ever since. (Doc. # 191.) To continue to delay proceeding on the trademark-related claims would simply be unfair to ATP, which has expressed concerns over Tdata's financial status. Although the Court generally disfavors piecemeal litigation, the circumstances of this case warrant proceeding to trial on ATP's trademark and state law claims. Thus, the Court extends the stay only to the patent aspects of this litigation.

One final issue remains. In its memorandum in opposition, ATP suggests that if the Court grant a stay, it condition the stay "only upon the granting of some form of equitable relief to ATP, such as ordering Tdata to escrow the revenues from the sale of its infringing software product pending the outcome of such reexamination." (Doc. # 276, at 13.) If ATP seeks to obtain such unusual relief–if it seeks to compel the Court to act–it should do so by a properly supported motion and not by way of a memorandum in opposition. Moreover, ATP has failed to present evidence indicating that such a condition to the stay is necessary and appropriate.

### III.  Conclusion

In light of the foregoing, the Court **ORDERS**:

(1)  Having weighed the parties' interests and hardships, as well as any potential affect on the Court's schedule, the Court in its discretion **GRANTS IN PART** and **DENIES IN PART** the motion to stay this litigation.  (Doc. # 274.)

(2) The Court **STAYS** only the patent-related aspect of this litigation.  All other deadlines remain intact.

(3) The Court **DENIES** ATP's request to condition the stay on some form of equitable relief.

(4) Despite the stay of various patent-related deadlines, the entire action, including the patent claims, remains set for mediation before the District Court Mediator on January 11, 2008.

(5)  The parties remain under a continuing obligation to notify this Court of any developments regarding the reexamination of any patent involved in this litigation.

(6)  The Court administratively **DENIES AS MOOT** the pending summary judgment motions in the consolidated cases.  (Docs. # 281, 282.)  The Court shall conduct a status conference after the stay is lifted, at which time ATP can elect to proceed on its reactivated motions or to file new motions.

(7)  The action shall proceed to a July 7, 2008 trial on ATP's trademark and state law claims.

**IT IS SO ORDERED.**

                                                   /s/ Gregory L. Frost
                                                   GREGORY L. FROST
                                                   UNITED STATES DISTRICT JUDGE